UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Senehu Lara and Lorena Martinez,   Civil No. 13-676 (SRN/AJB)

    Plaintiffs,

  v.   **MEMORANDUM OPINION
AND ORDER**

Federal National Mortgage Association,
Mortgage Electronic Registration
System, MERSCORP, Inc., Wells Fargo
Bank, N.A., and also all other persons,
unknown,

    Defendants.

---

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402, for Plaintiff Dean J. Welk.

Charles F. Webber and Jessica Z. Savran, Faegre Baker Daniels LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402, for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion to Dismiss the Complaint [Doc. No. 4] and Defendants' Motion to Dismiss the Amended Complaint [Doc. No. 13].[1]

For the reasons stated below, the Court grants the motions and dismisses the Complaint

---

[1] The original Summons in this matter included as a Defendant in the caption the law firm of Reiter & Schiller, P.A. [Doc. No. 1-1.] But the original Complaint omitted the law firm from the caption, and the law firm was not included as a Defendant when the case was removed to this Court. The Amended Complaint similarly does not include Reiter & Schiller in the caption of the case, but purports to add as a Defendant Federal National Mortgage Association ("Fannie Mae"). No Summons was requested or issued as to Fannie Mae, but at the hearing the attorneys for Defendants stated that they were present for Fannie Mae. Thus, the Court will assume for purposes of the Motion that Fannie Mae is a Defendant in the matter.

[Doc. No. 1-1] and the Amended Complaint [Doc. No. 19] with prejudice.[2]

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Plaintiffs Senuhe Lara and Lorena Martinez purchased a home in St. Louis Park, Minnesota. (Am. Compl. ¶¶ 1-2.) To finance the purchase, they executed a mortgage on the property in favor of Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Centennial Mortgage & Funding, Inc. (Id. ¶ 6.) In 2010, the mortgage was assigned from MERS to Defendant Wells Fargo Bank, N.A. (Id. ¶ 9.)

The Amended Complaint contends that, "[u]pon information and belief," Defendant Federal National Mortgage Association, known as Fannie Mae, acquired an interest in Plaintiffs' mortgage sometime before the foreclosure process began. (Id. ¶ 11.) No assignment to Fannie Mae is in the public record, however. (Id.) Because the alleged assignment to Fannie Mae was not recorded, Plaintiffs contend that the foreclosure process was invalid under Minnesota law. (Id. ¶ 25.) They also contend "upon information and belief" that the 2010 assignment from MERS to Wells Fargo was invalid because the individual who signed the assignment on behalf of MERS was not authorized to do so. (Id. ¶ 10.) In addition, Plaintiffs allege "upon information and belief" that the power of attorney for the foreclosure executed on behalf of Wells Fargo was signed by an

---

[2] Plaintiffs also moved to remand the case, contending that the presence of Reiter & Schiller destroys complete diversity in this matter. [Doc. No. 32.] However, the motion to remand was brought after Plaintiffs filed their Amended Complaint, which does not raise any claims against Reiter & Schiller. Plaintiffs subsequently withdrew the motion to remand. [Doc. No. 36.]

2

individual who did not have the legal authority to do so.  (Id. ¶ 20.)

Plaintiffs deny that Defendants "can prove default in accordance with Article 3 of the UCC."  (Id. ¶ 7.)  However, it appears from documents attached to the Amended Complaint that, by early 2012, Plaintiffs were in default.  (Id. Ex. 9 (Notice of Mortgage Foreclosure sale) [Doc. No. 12-9 at 7] (stating that default on the mortgage has occurred and noting a balance of $165,398.03 of an original loan of $174,900).)  On August 13, 2010, through Reiter & Schiller, Wells Fargo instituted foreclosure proceedings by recording a Notice of Pendency of Proceeding to Foreclose Mortgage.  (Id. ¶ 19 & Ex. 6.)  No foreclosure occurred in 2010, however, and on May 29, 2012, Wells Fargo again instituted foreclosure proceedings.  (Id. ¶ 21 & Ex. 7.)

Wells Fargo purchased Plaintiffs' property at the sheriff's sale on June 27, 2012.  (Id. ¶ 25.)  On January 30, 2013, Wells Fargo conveyed the property via limited warranty deed to Fannie Mae.  (Id. ¶ 27 & Ex. 10.)[3]  Plaintiffs allege "upon information and belief" that the person signing the deed on Wells Fargo's behalf did not have the legal authority to do so.  (Id. ¶ 32.)  Plaintiffs contend that the infirmities alleged in the Amended Complaint means that the sheriff's certificate of sale is void.  (Id. ¶ 38.)

The Amended Complaint raises three causes of action.  Count 1 seeks a "Determination of Adverse Claims" under Minnesota's quiet title statute, Minn. Stat. § 559.01, and is brought against Fannie Mae "and/or other Defendants whose identity is unknown, claims [sic] an adverse interest, claim or right to the real property . . . ."  (Id.

---

[3] The Amended Complaint states that the deed was dated January 30, 2012, but Exhibit 10 shows that the actual date was January 30, 2013.

3

¶ 42.) Count 2 asks for a declaratory judgment that: the 2010 assignment to Wells Fargo is void, the August 2010 power of attorney is void, the May 2012 power of attorney is void, and that Plaintiffs "remain the owner of the property in fee title." (Id. ¶ 49.) Count 3 alleges slander of title, and although the text of Count 3 mentions only non-defendant Reiter & Schiller, Plaintiffs' counsel stated at the hearing that this Count is brought against all Defendants. (Id. ¶¶ 51-54.)

## II. DISCUSSION

### A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.    The Claims**

   **1.    Quiet Title**

According to Plaintiffs, there are several reasons the foreclosure of their property was invalid. First is their contention that nearly every individual who signed a document in support of the foreclosure did not have the authority to do so. But Plaintiffs' allegations regarding signing authority are implausible and speculative, just the sort of "vague claims" that have been rejected repeatedly by courts in this District and by the Eighth Circuit Court of Appeals. Mine v. Fed. Home Loan Mortg. Corp., Civ. No. 13-220, 2013 WL 2443852, at *4 (D. Minn. June 5, 2013) (Montgomery, J.); see also Karnatcheva v. JP Morgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013) (affirming dismissal of quiet title claim for failure to adequately plead, with other than "labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid").

Plaintiffs' second theory is that Fannie Mae acquired an unrecorded assignment before the foreclosure proceeding commenced, which renders the foreclosure invalid under Minnesota law. See Ruiz v. 1st Fid. Loan Servicing, LLC, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of the mortgage be recorded before the foreclosure process begins). But there is no evidence of such an assignment, other than Plaintiffs' "information and belief."[4] Such an allegation is the sort of implausible statement that Twombly and Iqbal prohibit.

Plaintiffs' reliance on the Seller/Servicer Guides or Fannie Mae's Custodial Agreement is similarly unavailing. The Guide is, at best, a contract between Fannie Mae and its servicers. It is not for the benefit of Plaintiffs and imposes no duties on any entity vis-a-vis the borrower. The Custodial Agreement, too, is not for the benefit of any borrower, but is an agreement between Fannie Mae and unknown entities. Even if Wells Fargo was a party to either of these documents and breached its obligations under the documents, that failure would be for Fannie Mae, not Plaintiffs, to prosecute.

The Amended Complaint is a series of bald and speculative allegations, unsupported by any facts. As such, it is insufficient to raise Plaintiffs' quiet title claim "above the speculative level," Twombly, 550 U.S. at 545, and that claim must be

---

[4] Nor can Plaintiffs' allegations be saved by alleging "upon information and belief based upon a preponderance of the evidence." (Am. Compl. ¶ 8.) Without pointing to any plausible evidence, reciting "a preponderance of the evidence" does not make their claims less speculative.

dismissed.

   2.   **Slander of Title**

To prevail in a slander-of-title action, a plaintiff must show (1) a false statement concerning the plaintiff's real property; (2) that was published to others; (3) and was made maliciously, and (4) that such publication caused pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiffs claim that the documents recorded in support of the foreclosure were false because the individuals signing the documents did not have the legal authority to do so. As discussed above, however, they have pleaded no plausible facts to support their allegations regarding signing authority. Moreover, a malicious statement is one that is a "'groundless disparagement of the plaintiff's title or property . . . made without probable cause.'" Mine, 2013 WL 2443852, at *5 (quoting Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W.2d 191, 192 (Minn. 1929)). Plaintiffs have offered no allegation of any malice here. The reason for any cloud on their title to the property is that they defaulted on their mortgage obligations, not that the foreclosure process was accomplished with any materially false and malicious statements. The slander of title claim fails.

   3.   **Declaratory Judgment**

A claim for declaratory judgment must be supported by a substantive legal right. See Weavewood, Inc. v. S&P Home Invs., LLC, 821 N.W.2d 576 (Minn. 2012) ("A declaratory judgment is a 'procedural device' through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists."). Having failed to state a

substantive claim, the Amended Complaint also fails to state a claim for a declaratory judgment.

**C. Conclusion**

The allegations in this case do not state a claim on which relief may be granted. The Amended Complaint will be dismissed with prejudice.

**III. ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss the Complaint [Doc. No. 4] is **GRANTED**;

2. Defendants' Motion to Dismiss the Amended Complaint [Doc. No. 13] is **GRANTED**; and

3. The Complaint [Doc. No. 1-1] and the Amended Complaint [Doc. No. 19] are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 18, 2013 s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge